# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kathleen Starck,                              :
                              Appellant       :
                                              :
        v.                                    :    No. 523 C.D. 2018
                                              :    Submitted: November 15, 2019
Commonwealth of Pennsylvania,                 :
Department of Transportation,                 :
Bureau of Driver Licensing                    :


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


*OPINION NOT REPORTED*


**MEMORANDUM OPINION**
**BY JUDGE BROBSON**                    **FILED:  January 17, 2020**


        Appellant Kathleen Starck (Licensee) appeals from an order of the Court of Common Pleas of Luzerne County (trial court), dated March 8, 2018.  The trial court's order denied Licensee's appeal and reinstated Licensee's license suspension.  For the reasons discussed below, we affirm the trial court's order.

        By letter with a mailing date of October 24, 2017, the Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (Bureau) notified Licensee that, effective November 28, 2017, her operating privilege would be suspended for one year pursuant to Section 1547(b)(1)(i) of the

Vehicle Code, 75 Pa. C.S. § 1547(b)(1)(i),[1] commonly referred to as the Implied Consent Law. (Supplemental Original Record (S.O.R.), Item No. 1 at 3.) On November 22, 2017, Licensee appealed to the trial court the Bureau's decision to suspend her operating privilege for a period of one year. (*Id*. at 1.) The trial court, thereafter, held a *de novo* hearing in order to determine the validity of Licensee's appeal. (Original Record (O.R.), Item No. 17; Tr. of March 5, 2018 hearing, attached to Licensee's Br. as App. C.)

At the hearing, a police officer with the Dallas Borough Police Department, Officer David Rinehimer (Officer Rinehimer), testified regarding his encounter with and eventual arrest of Licensee. Officer Rinehimer testified that on July 21, 2017, he observed Licensee driving into the lane reserved for oncoming traffic and causing a vehicle in the opposing lane to "slow significantly, take an evasive action, and drive onto the curbing . . . on the sidewalk." (Tr. of March 5, 2018 hearing, attached to Licensee's Br. as App. C at 4.) Officer Rinehimer signaled for Licensee to stop her vehicle shortly thereafter, and Licensee complied after some time. (*Id*. at 5.) Officer Rinehimer approached the vehicle, and Licensee rolled down her window. (*Id*.) At that point, Officer Rinehimer smelled "an intoxicating beverage" emanating from inside the vehicle. (*Id*. at 5-6.) Officer Rinehimer then asked Licensee to complete certain field sobriety tests, and Licensee

---

[1] Section 1547(b)(1)(i) of the Vehicle Code provides:

**(b) Civil penalties for refusal.--**

> (1) If any person placed under arrest for a violation of [S]ection 3802 [of the Vehicle Code, relating to driving under the influence,] is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, the department shall suspend the operating privilege of the person as follows:

> > (i) Except as set forth in subparagraph (ii), for a period of 12 months.

2

could not complete them. (*Id*. at 6-7.) At that point, Officer Rinehimer arrested Licensee on suspicion of driving under the influence (DUI) of alcohol and offered Licensee a preliminary breath test, which Licensee refused. (*Id*. at 8.) Thereafter, Officer Rinehimer transported Licensee to the Wilkes-Barre Police Station and then to the Luzerne County DUI Center where he turned custody of Licensee over to Sergeant Joe Ziegler (Sergeant Ziegler), who also testified at the hearing. (*Id*.)

Sergeant Ziegler testified that he is employed on a full-time basis by Wilkes-Barre City Police, but he also works for the Luzerne County DUI Center. (*Id*. at 4.) He testified that when Licensee arrived at the Luzerne County DUI Center, he asked Licensee to take a chemical test by reading to Licensee an intake form from the DUI Center. (*Id.* at 11.) When Licensee refused, Sergeant Ziegler read Licensee—*verbatim*—the chemical testing warnings required by Section 1547(b) of the Vehicle Code, as they appear on the DL-26 Implied Consent Form. (*Id*. at 11-12; O.R., Item No. 19 at 2.) Licensee again refused to give her consent, and Sergeant Ziegler, once more, provided her with another opportunity to consent to chemical testing by summarizing the penalties he just read to her and asking for her consent a third time. (Tr. of March 5, 2018 hearing, attached to Licensee's Br. as App. C at 12.) Licensee responded to Sergeant Ziegler succinctly, simply stating, "negative." (*Id*.)

Licensee testified at the hearing on her own behalf and explained that, at the time of the incident, she "was in complete crisis and mental duress" because she was in the process of securing a temporary protection from abuse order from her partner. (*Id*. at 17.) Licensee also admitted that she had been drinking prior to her arrest that evening. (*Id*. at 18.) After the hearing concluded, the trial court issued an order, denying Licensee's appeal and reinstating the license suspension. (S.O.R.,

Item No. 5.) The trial court issued a memorandum in support of its order, which explained the reasons behind the trial court's decision. (Memorandum, attached to Licensee's Br. as App. B.) In its memorandum, the trial court concluded that Licensee did not successfully prove that she could not physically take the chemical test or lacked the capability to make a knowing and conscious refusal. (*Id*. at 4.) Officer Rinehimer's and Sergeant Ziegler's testimony concerning Licensee's express refusal to consent to chemical testing provided sufficient proof that Licensee had the capability to, and did in fact, provide a knowing and conscious refusal to submit to chemical testing. (*Id*.) Licensee then appealed the matter to this Court.

On appeal,[2] Licensee contends that the trial court committed an error of law in concluding that Licensee made a knowing and conscious refusal to submit to chemical testing and reinstating Licensee's license suspension. In response, the Bureau contends that the trial court did not err in concluding that Licensee made a knowing and conscious refusal to submit to chemical testing.

In order to uphold the suspension of a licensee's operating privilege under Section 1547 of the Vehicle Code, the Bureau must establish that the licensee:

> (1) was arrested for DUI by a police officer with reasonable grounds to believe the licensee was operating a vehicle while under the influence of alcohol or a controlled substance; (2) was requested to submit to chemical testing; (3) refused to submit to chemical testing; and, (4) was warned by the officer that her license will be suspended if she refused to submit to chemical testing.

*Park*, 178 A.3d at 280. "Once [the Bureau] satisfies this burden, the burden shifts to the licensee to prove she was physically incapable of performing the test or that

---

[2] This Court's review in license suspension matters "is limited to determining whether the trial court's necessary findings of fact were supported by substantial evidence and whether the trial court committed an error of law or otherwise abused its discretion." *Park v. Dep't of Transp., Bureau of Driver Licensing*, 178 A.3d 274, 279 n.2 (Pa. Cmwlth. 2018).

her refusal was not knowing and conscious." *Id*. Where the licensee has not sustained an injury so serious that it is apparent the licensee is unable to comply with a request for chemical testing, the licensee may establish the requisite incapacity by competent medical testimony. *Gombar v. Dep't of Transp., Bureau of Driver Licensing*, 678 A.2d 843, 847 (Pa. Cmwlth. 1996). "However, if a [licensee's] inability to make a knowing and conscious refusal of testing is caused, in whole or in part, by the consumption of alcohol, the [licensee's] affirmative defense fails." *Id*.

Here, neither party disputes the fact that the Bureau has met its initial burden for sustaining Licensee's license suspension. The sole question before this Court is whether the trial court erred in concluding that Licensee made a knowing and conscious refusal to submit to chemical testing. Licensee contends that she could not knowingly and consciously refuse chemical testing because she experienced mental distress due to her ongoing efforts to secure a protection from abuse order against her partner. We are sympathetic to the well-documented fact that various traumas often arise with cases of domestic abuse. In cases such as this one, however, where a licensee alleges that a non-apparent injury prevented her from knowingly and consciously refusing chemical testing, our case law requires the licensee to provide competent medical evidence of that injury. *Gombar*, 678 A.2d at 847. Licensee did not suffer, nor did she allege that she suffered, an injury so serious that she could not knowingly and consciously refuse to partake in the chemical test. Because Licensee claimed to suffer a type of psychological injury, as opposed to an apparent physical one, Licensee was required to provide competent medical evidence to support her contention that she was under such psychological distress that she could not provide the requisite consent to chemical testing. Without

5

such evidence, Licensee could not meet her burden to prove that she was incapable of providing a knowing and conscious refusal of chemical testing. Accordingly, the trial court did not commit an error of law in concluding that Licensee failed to meet her burden to prove she did not knowingly and consciously refuse chemical testing.

Based on the above discussion, we affirm the trial court's order.

P. KEVIN BROBSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kathleen Starck, : 
           Appellant : 
            : 
           v. : No. 523 C.D. 2018
            : 
Commonwealth of Pennsylvania, : 
Department of Transportation, : 
Bureau of Driver Licensing : 

# **O R D E R**

AND NOW, this 17th day of January, 2020, the order of the Court of Common Pleas of Luzerne County, dated March 8, 2018, is AFFIRMED.

 

P. KEVIN BROBSON, Judge